# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:19-CR-00026-JHM**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**

**STEVE TURNER**                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Motion for Reconsideration of the Court's June 25, 2021 Order Granting Defendant's Motion for Issuance of a Rule 17(c) Subpoena. [DN 70]. For the reasons that follow, the United States' motion is **GRANTED**.

### I. Background

Defendant Steve Turner is the former CEO of Corrosion Monitoring Services. He is charged with several felony offenses related to alleged damage at four power plants his company serviced.

In preparation for trial, Turner moved to issue subpoenas for documents and materials from Ingredion and Southern Field, two of the power plants that allegedly suffered damage, pursuant to Federal Rule of Criminal Procedure 17(c). [DN 66]. The Western District of Kentucky's local rules require court order for a party to issue subpoenas returnable before trial. *See* L. Cr. R. 17.2(b). The Court granted the motion the next day, without waiting for a response from the Government. [DN 69]. The Government immediately moved for reconsideration of that decision. [DN 70].

The Government does not challenge all Turner's subpoena requests. It asks the Court to reconsider only part of the subpoena issued to Ingredion; specifically, the subpoena requests for (1) "[a]ll documents . . . reflecting or pertaining to any communications" between Ingredion and

the TVA Inspector General, US Attorney's Office, or the Department of Justice; and (2) "[a]ll documents" that Ingredion "provided to" or "received from" the TVA Inspector General, US Attorney's Office, or Department of Justice. [DN 70 at 5; *see* DN 66-2 at 5, ¶¶ 1–6]. The Government does not challenge the Southern Field subpoena.

II. **Analysis**

First, a note about the procedural posture. The Court granted Turner's motion for issuance of the subpoena without waiting for responsive briefing from the Government. It did so because of the time-sensitivity of the motion and the assumption that any challenges would be addressed through a motion to quash the subpoena. *See* Fed. R. Crim. P. 17(c)(2). It overlooked that the Government likely lacked standing to quash a subpoena directed at a third party. *See, e.g.*, *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 175 (D.D.C. 2015) (a party lacks standing to challenge a Rule 17(c) subpoena directed at a third party unless the "subpoena infringes on the moving party's rights"); *see also United States v. Beckford*, 964 F. Supp. 1010, 1023–24 (E.D. Va. 1997) (explaining why a motion to quash alone is sometimes "insufficient to provide assurance that pre-trial subpoenas duces tecum are not abused").

"[D]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 529 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Because the Government had no opportunity to respond to the prior motion, the Court exercises its discretion to reconsider its June 25 order. It will consider the Government's motion under the ordinary standard of review for a Rule 17(c) subpoena, without making the Government satisfy the stringent standard typically applied to motions for reconsideration.[1] *Accord United States v. Sherman*, No. 01-cr-862, 2002

---

[1] Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure provide for motions for reconsideration, so "courts generally construe such motions as motions to alter or amend a judgment

2

WL 35650117, at *1 (D.N.M. Feb. 4, 2002) ("In light of the Court's error in prematurely issuing the Order for Rule 17(c) Subpoenas, it grants Defendant's Motion to Reconsider in order to determine the reasonableness of the subpoenas duces tecum at issue." (citations omitted)).

The Court now moves to the merits. Under Federal Rule of Criminal Procedure 17(c)(1), a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Rule 17(c) therefore permits a party to subpoena documents and make them returnable before trial. *United States v. Donziger*, No. 19-cr-561, 2021 WL 1865376, at *4 (S.D.N.Y. May 10, 2021). It, however, "was not intended to provide an additional means of discovery" to a criminal defendant—Rule 16 remains the defendant's only discovery device. *United States v. Warren*, 782 F. App'x 466, 472 (6th Cir. 2019) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). Rule 17(c) only is a "mechanism for obtaining specific admissible evidence" ahead of trial. *Donziger*, 2021 WL 1865376, at *4 (quoting *United States v. Skelos*, No. 15-cr-317, 2018 WL 2254538, at *2 (S.D.N.Y. May 17, 2018)).

To subpoena materials under Rule 17, "[t]he materials . . . must themselves be admissible at trial." *Skelos*, 2018 WL 2254538, at *2 (quotation and brackets omitted). "[I]t is not enough that they contain information which could be admissible." *Id*.

For a Rule 17(c) subpoena to issue before trial, the party seeking the subpoena must show:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the

---

under Rule 59(e)." *Matthews v. Roberts*, No. 3:13-cv-503, 2014 WL 1057056, at *1 (W.D. Ky. Mar. 17, 2014). A Rule 59(e) motion may be made for only a few reasons: "(1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *United States v. Thomas*, No. 3:19-cr-24-JHM, 2020 WL 3511585 (W.D. Ky. June 29, 2020). Because there has been no final judgment in this case, Rule 59(e) need not apply. *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) ("[T]here was no final judgment when the court entertained GTE's motion for reconsideration, so the strictures of Rule 59(e) did not apply.").

> party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). This means that "the party seeking pretrial production bears the burden of establishing '(1) relevancy; (2) admissibility; and (3) specificity.'" *United States v. Pacific Gas & Elec. Co*., No. 14-cr-175, 2016 WL 1212091, at *3 (N.D. Cal. Mar. 28, 2016) (quoting *Nixon*, 418 U.S. at 700)).

Turner's subpoena request crumbles under the first *Nixon* factor: he cannot establish that the information is relevant. *See Nixon*, 418 U.S. at 699. The challenged part of Turner's Rule 17(c) subpoena seeks "all documents" and communications between Ingredion and the government agencies involved in investigating and prosecuting this case. At bottom, these are communications between an alleged victim (Ingredion) and the government. The relevance of these documents is not apparent in a case concerning Turner's actions.

Turner insists the documents are relevant, at least for any "witnesses the government will call at trial," because the communications will show "what information came from the witness to the government, and what information came from the government to the witnesses." [DN 79 at 5]. The subpoenaed information, he claims, will allow the jury to measure the witness's "knowledge and credibility." [*Id*.]. Turner's argument is basically an impeachment argument—it assumes Ingredion witnesses will claim firsthand knowledge of information they actually obtained from the Government. If so, Turner will be able to impeach their testimony by showing that information actually came from the Government. But impeachment evidence is not a proper use of a pretrial Rule 17(c) subpoena. *See Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach

witnesses is insufficient to require its production in advance of trial.").[2] And even if impeachment evidence was permissible, Turner has no evidence that the subpoenaed information actually contains relevant impeachment information. He admits he does not know the contents of the communications between Ingredion and the various authorities, so he can offer mere conjecture about what those communications contain. *See United States v. Avenatti*, No. 19-cr-373, 2020 WL 508682, at *5–6 (S.D.N.Y. Jan. 31, 2020) (quashing a subpoena because the defendant "offered only speculation as to what [two witnesses] might have said about [defendant] in text messages and emails").

Turner's relevance arguments for the non-testifying witnesses stray even further afield. For those individuals, Turner claims the communications are relevant because they will "show who has information that will be helpful to Mr. Turner and should be called as a witness on his behalf." [DN 79 at 5]. Again, Turner does not assert that all communications between Ingredion and the federal authorities will reveal people with helpful information. He merely believes that, among the possibly voluminous communications between Ingredion and federal authorities, he will find some people with helpful information. This is the exact sort of "fishing expedition" that Rule 17(c) flatly proscribes. *Nixon*, 418 U.S. at 700 (a Rule 17(c) subpoena must not be "intended as a general 'fishing expedition'").

It is evident that Turner is attempting to use Rule 17(c) as a discovery tool. In his response brief, Turner states that was due to receive this information from Ingredion in a separate civil

---

[2] Consistent with Rule 17(c), Turner may subpoena impeachment evidence that would become returnable when the witness testifies at trial. "Impeachment evidence . . . does not become relevant until the witness testifies. Accordingly, subpoenas for impeachment material are returnable only after a witness takes the stand, not prior to trial or even on the first day of trial." *Donziger*, 2021 WL 1865376, at *4 (quotations omitted). If he does so, the Court will review these documents *in camera* and disclose admissible documents to Turner after the witness testifies. *Skelos*, 2018 WL 2254538, at *2 ("To avoid delay in trial, courts sometimes require production of impeaching material to the court (but not to counsel), with the court reviewing these documents *in camera* and then disclosing any admissible documents only after the witness testifies.").

lawsuit, but Ingredion voluntarily dismissed the lawsuit before Turner received the discovery. [DN 79 at 1–2]. He also tried to receive this information from the Government under Rule 16, but the Government claimed it already produced all responsive information within its possession. [DN 66 at 2]. So, failing to get the information through Rule 16 or civil discovery, Turner turned to the one route available to him: a Rule 17(c) subpoena. As Turner stated, "[t]he subpoena was necessary, in part, to obtain those documents that the government would not produce." [DN 79 at 4]. But "Rule 17(c) was not intended to provide an additional means of discovery." *Warren*, 782 F. App'x at 472 (quoting *Bowman*, 341 U.S. at 220). It is only "a mechanism for obtaining specific admissible evidence." *Skelos*, 2018 WL 2254538, at *2.

It may have been a different issue if Turner sought narrowly circumscribed categories of information for a select group of Ingredion employees, with better-curated arguments toward admissibility. But Turner did not. His request is neither specific nor admissible. He "rel[ied] instead on a request for a broad category of emails [and other documentation], with no detailed information explaining how any particular [document] is relevant to the charges against Defendants. This simply is not the type of request that is appropriate under Rule 17(c)." *United States v. Minton*, No. 5:17-cr-6, 2017 WL 1078635, at *4 (E.D. Ky. Mar. 21, 2017).

### III. Conclusion

For the reasons set forth above, it is hereby ordered that the United States' Motion for Reconsideration of the Court's June 25, 2021 Order Granting Defendant's Motion for Issuance of a Rule 17(c) Subpoena [DN 70] is **GRANTED**. The subpoena issued on Ingredion is not returnable for document requests 1 through 6. The subpoena remains returnable for document requests 7 through 10. The subpoena issued on Southern Field is unaffected by this order.

ENTERED this July 6, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

cc: Counsel of Record